946 F.2d 1563
 292 U.S.App.D.C. 83
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Stephen Wesley BAILEY, Appellant,
v.
Carolyn B. LEWIS, Chairperson, D.C. Lottery Board.
 No. 91-7027.
 United States Court of Appeals, District of Columbia Circuit.
 July 17, 1991.
Rehearing Denied Nov. 22, 1991.
 
 Appeal from the United States District Court for the District of Columbia, C.A. No. 90-02785; Gesell, J.
 Before HARRY T. EDWARDS,BUCKLEY and STEPHEN F. WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the order of dismissal filed by the district court on January 18, 1991, be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Stephen Bailey appeals from the dismissal of his complaint against Carolyn Lewis, Chairperson of the District of Columbia Lottery Board. Bailey alleges that the Lottery Board's refusal to award him the prize from the Daily Double lottery game on December 5, 1989, deprived him of property without due process, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.
 
 
 5
 Bailey's complaint does not state a claim for which relief can be granted in federal court. An official violation of state law violates neither the Constitution nor, therefore, 42 U.S.C. § 1983, unless it represents a "substantial infringement of state law prompted by personal or group animus, or a deliberate flouting of the law...." See, e.g., Silverman v. Barry, 845 F.2d 1072, 1080 (D.C.Cir.), cert. denied, 488 U.S. 956 (1988). In addition, there is no basis for diversity jurisdiction in federal court. Both Bailey and the named defendant, Lewis, are residents of the District of Columbia and the District of Columbia, like a state, is not subject to diversity jurisdiction. See Long v. District of Columbia, 820 F.2d 409 (D.C.Cir.1987).
 
 
 6
 Because there is no federal claim on which Bailey can be granted relief, and because there is no diversity jurisdiction, the district court's dismissal of the complaint is affirmed.